RUDE, Appellant v. BRODSKY, Respondent

(214 N.W.2d 502)

(File No. 11266. Opinion filed January 29, 1974)

Charles L. Riter, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff-appellant.

Charles E. Carrell, Rapid City, for defendant-respondent.

PER CURIAM.

This is an action in which the appellant sought possession of 200 shares of capital stock in Cambell Square, Inc., a South Dakota corporation, which had been obtained by defendant Jerry Brodsky from the widow of William S. Reese when she assigned all of her legal rights and equity in the shares to him. The plaintiff alleged possession had been wrongfully obtained, and prayed for an order requiring surrender of the shares to plaintiff. The action was commenced by a summons and complaint to which the defendant entered a general denial. During the course of the proceedings defendant moved to dismiss the action for lack of jurisdiction by the district county court. The court never ruled on this motion, but heard the case on its merits and entered its judgment in favor of the defendant from which the plaintiff appeals.

It is obvious from the record the shares had a value in excess of one thousand dollars, although the court made no finding as to the value of the shares and no decision on its jurisdiction.

This is not a case of the district county court making distribution of the assets of an estate, but an independent action for the possession of personal property.

SDCL 16-9-13 provides the district county court "* * * shall have original jurisdiction of all civil actions in the class of cases cognizable by justices of the peace courts where the debt, damage, claim, or value of the property involved does not exceed one thousand dollars * * *."

SDCL 30-15-1 provides the actions for the recovery of any property, real or personal, or for the possession thereof, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators or intestates.

Obviously, the district county court did not have jurisdiction to determine the issues in this case wherein the personal property exceeded the value of one thousand dollars. Therefore, the action is remanded with directions to enter an order dismissing it.

WUEST, Circuit Judge, sitting for DOYLE, J., disqualified.